UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN RUFFINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-754-RLB** |
| **CAROLYN W. COLVIN,**<br>**ACTING COMMISSIONER**<br>**OF THE SOCIAL SECURITY**<br>**ADMINISTRATION** | |

**RULING DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL**

Plaintiff, Gwendolyn Ruffins (Plaintiff), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for Disability Insurance and Supplemental Security Income Benefits under the Social Security Act. (R. Doc. 1); (Tr. 177-80, 184-89).  Having found all of the procedural prerequisites met (Tr. 1-6); the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . .").  For the reasons given below, the Court **ORDERS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

**I.     PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance and supplemental security income benefits on August 16, 2012, alleging that she became disabled on May 29, 2010 due to

schizoaffective disorder,[1] high blood pressure, breathing problems and nerves. (Tr. 97, 177-80, 184-89). That application was denied by an Administrative Law Judge, who first held an administrative hearing (Tr. 31-54) before issuing an unfavorable decision on September 17, 2013. (Tr. 13-30). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 7, 2014. (Tr. 1-6). The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.   STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019,

---

[1] The diagnostic criteria of schizoaffective disorder is as follows:

    A.    An uninterrupted period of illness during which there is a major episode (major depressive or manic) concurrent with Criterion A of schizophrenia.
    B.    Delusions or hallucinations for 2 or more weeks in the absence of a major mood episode (major depressive or manic) during the lifetime of the illness.
    C.    Symptoms that meet the criteria for a major mood episode are present for the majority of the total duration of the active and residual portions of the illness.
    D.    The disturbance is not attributable to the effects of a substance (e.g., a drug of abuse, a medication) or another medical condition.

American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders* 105 (DSM-V) (Michael B. First, M.D., et al. eds., 5th ed. 2013).

Criterion A of Schizophrenia includes:

    A.    Two (or more) of the following, each present for a significant portion of time during a 1-month period (or less if successfully treated). At least one of these must be (1), (2), or (3).
        1.    Delusions.
        2.    Hallucinations.
        3.    Disorganized speech (e.g., frequent derailment or incoherence).
        4.    Grossly disorganized or catatonic behavior.
        5.    Negative symptoms (i.e., diminished emotional expression or avolition).

DSM-V at 99.

1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

**III. ALJ'S DETERMINATION**

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

1. Plaintiff last met the insured status requirements on June 30, 2010.

2.  Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 29, 2010.

3.  Through June 30, 2010, Plaintiff suffered from the following severe impairment: schizoaffective disorder.

4.  Plaintiff's impairment did not meet or medically equal the severity of a listing — specifically, Listing 12.00 (Mental Disorders).

5.  During the relevant period, Plaintiff retained the residual functional capacity (RFC) to "perform a full range of work at all exertional levels but with the following nonexertional limitations: work of a simple, routine nature."

6.  Plaintiff could no longer perform any past relevant work.

7.  Because she was born on July 25, 1959, Plaintiff was "an individual closely approaching advanced age" during the relevant time period.

8.  Plaintiff had at least a high school education and could communicate in English.

9.  The transferability of job skills was not material to the determination.

10. Considering Plaintiff's age, education, work experience and RFC, she can perform jobs existing in significant numbers in the national economy — specifically, housekeeping cleaner, file clerk and ticket taker.

(Tr. 18-25).

## IV. DISCUSSION

### A. Weight Given to Medical Opinions

Plaintiff first suggests that the ALJ erred in rejecting the opinion of consultative examiner, Dr. James Van Hook, while choosing to adopt the opinion of Dr. Lawrence Guidry, a non-examining state agency consultant. (R. Doc. 12 at 11-18). According to Plaintiff, the ALJ failed to analyze these opinions using the factors (*Newton* factors) outlined by the regulations, 20 C.F.R. § 404.1527(c), and the Fifth Circuit in *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).[2]

---

[2] The relevant factors include: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the relevant evidence supporting the opinion; (4) consistency of

First, the factors set forth in 20 C.F.R. § 404.1527(c) are not applicable because Dr. Van Hook is not a treating physician. *See Newton*, 209 F.3d at 453-55 (requiring the ALJ to perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(c) when there is an absence of first-hand medical evidence from another source). Dr. Van Hook was only a consultative examiner. And so, the ALJ was not obligated to provide the detailed analysis outlined in 20 C.F.R. § 404.1527(c), as required by *Newton*. *See Taylor v. Astrue*, 245 F. App'x 387, 391 (5th Cir. 2007) (detailed analysis using 20 C.F.R. § 404.1527's six-factor test not required absent "longitudinal pattern of care"); *Lewis v. Barnhart*, 460 F. Supp. 2d 771, 785 (S.D. Tex. 2006) (holding same in relation to opinion of "consultative examiner").

Even if the Court disregarded Dr. Van Hook's status as a consultative examiner, *Newton* would still be inapplicable. The Fifth Circuit has explained that when the record contains medical evidence from multiple first-hand sources, the ALJ is "not required to go through all six" factors found in 20 C.F.R. § 404.1527, as required by *Newton*. *Cain v. Barnhart*, 193 F. App'x. 357, 360 (5th Cir. 2006) (citing *Newton*, 209 F.3d at 452, 458; *Walker*, 158 F. App'x at 534); *see also Qualls v. Astrue*, 339 F. App'x 461, 466-67 (5th Cir. 2009) ("The *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it."); *King v. Comm'r of Soc. Sec. Admin.*, 2014 WL 905207, at *4 (M.D. La. March 7, 2014) (*Newton* not applicable when ALJ is presented with competing first hand medical evidence); *Powers v. Comm'r of Soc. Sec. Admin.*, 2014 WL 791867, at *7 (M.D. La. Feb.25, 2014) (same). The *Newton* factors are therefore inapplicable as the record contains competing, first-hand, medical evidence from multiple sources, including Dr. Van Hook and Plaintiff's treating sources at the

---

the treating physician's opinion with the record as a whole; (5) whether the opinion is that of a specialist; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Margaret Dumas Mental Health Center (MDMHC). *Walker v. Barnhart*, 158 F. App'x. 534, 535 (5th Cir. 2005) (The ALJ is not required to consider each of the six *Newton* factors when "there is competing first-hand medical evidence...."). And so, the ALJ was not required to analyze the opinions of Dr. Van Hook or Dr. Guidry using the 6 factors described in 20 C.F.R. § 404.1527(c)(2)-(6). *See Walker*, 158 F. App'x at 535. As such, no legal error occurred.

Second, substantial evidence supports the weight given to the medical evidence by the ALJ. The ALJ began the RFC analysis by giving a detailed overview of all the medical records from Plaintiff's treating, examining, and non-examining sources, including Dr. Van Hook and Plaintiff's treating psychiatrists and social workers at the Margaret Dumas Mental Health Center. (Tr. 21-24). Following this discussion, the ALJ adopted Dr. Guidry's opinion that Plaintiff's affective disorder "was severe and caused some limitations, but did not prevent all work activities." (Tr. 24, 101-04). Next, the ALJ discredited Dr. Van Hook's opinion that Plaintiff's "ability to maintain concentration/attention for performance of simple repetitive tasks was marginal," because it was inconsistent with Plaintiff's own statements as well as her treatment records. (Tr. 24, 445). The ALJ, however, seems to have adopted the remainder of Dr. Van Hook's opinion regarding Plaintiff's abilities. (Tr. 21-24, 445). As discussed below, substantial evidence supports the ALJ's decision as Dr. Van Hook's assessment of "marginal" concentration is contradicted by the remaining record evidence.

Throughout the record, Plaintiff explained that she enjoys reading, writing and poetry. (Tr. 263) (reads "regularly"); (Tr. 459) (enjoys writing); (Tr. 460) (enjoys reading and writing and stated she was a "published author" with "five published books"); (Tr. 439) (describes herself as a "poet and writer"); (Tr. 431) (wrote a "book of praise"). She also likes to compose music and play bingo and checkers. (Tr. 460). These hobbies and interests are inconsistent with

only a marginal ability to concentrate, as found by Dr. Van Hook. *Haynes v. Colvin*, 614 F. App'x 873, 875 (9th Cir. 2015) (claimant's "self-reported ability to engage in tasks that involve concentration, reading, writing" was substantial evidence for rejecting alleged deficiencies in concentration); *Giuliano v. Colvin*, 577 F. App'x 859, 863 (10th Cir. 2014) (claimant's daily activities, including reading, were inconsistent with an alleged inability to concentrate). Instead, they are more consistent with and provide substantial evidence to support the ALJ's finding of moderate difficulties in concentration, persistence and pace. (Tr. 20); *see also Parks v. Comm'r of Soc. Sec.*, 401 F. App'x 651, 655 (3d Cir. 2010) (substantial evidence support ALJ's finding that claimant suffering from schizoaffective disorder had moderate limitations in concentration where claimant enjoyed reading, watching TV and playing video games).

Beyond that, Plaintiff consistently expressed a desire to return to work. (Tr. 427, 429, 430, 431, 439, 459). On November 3, 2010 — over 5 months after her alleged onset date — she told treatment providers at MDMHC that she was "still looking for a job" and was taking computer classes. (Tr. 430). Most telling, during an appointment at MDMHC on June 30, 2011, Plaintiff explained that she was actively "looking for clerical work" or a job in "retail" and had already "applied at Sams, Walmart and Kohls." (Tr. 439). Her ultimate goal was to "start her own business"—"a small gift shop selling religious items." (Tr. 439). She reportedly "fe[lt] that her illness does not stop her from working." (Tr. 439). In fact, she "believe[d] that when she is working it helps, gives her something to do, keeps her busy . . . keeps her mind together. She would like to find a job and pay her share." (Tr. 439). This evidence contradicts Dr. Van Hook's opinion of Plaintiff's "marginal" ability to concentrate. It rather provides substantial evidence supporting the ALJ's decision to adopt Dr. Guidry's opinion and find Plaintiff capable of perform work within the confines of the RFC assessment.

Further supporting the ALJ's decision is Plaintiff's consistent reports that she was doing well on her medications, did not experience side effects and was not having any complications. (Tr. 429, 430, 431, 432, 434, 436, 437, 438).

Ultimately, "the ALJ is responsible for resolving conflicts in the evidence, and we will not substitute our judgment for his." *Cain*, 193 F. App'x. at 360. The medical and testimonial evidence discussed above provides substantial support for the ALJ's decision to discredit Dr. Van Hook's opinion of Plaintiff's ability to concentrate and find Plaintiff capable of performing simple and routine work. As such, remand is outside the appropriate exercise of the Court's authority on review. *See Zimmerman v. Astrue*, 288 F. App'x 931, 937 (5th Cir. 2008) (noting that the record contained some conflicting evidence, but finding that the ALJ's conclusion about the claimant's mental impairment was supported by substantial evidence); *Menchaca v. Barnhart*, 179 F. App'x 215, 216 (5th Cir. 2006) ("[I]f the Commissioner's conclusion is supported by substantial evidence, we must affirm it, even in the face of conflicting evidence.").

**B.     Duty to Recontact Consultative Examiner Dr. James Van Hook**

Plaintiff next suggests that the regulations, 20 C.F.R. § 404.1512(e), required the ALJ to recontact Dr. James Van Hook before rejecting his opinion as there is not "substantial evidence existing in the administrative record to contradict [Dr. Van Hook's] opinion." (R. Doc. 12 at 18). The regulation on which Plaintiff relies, provides in relevant part:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity

>that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 404.1512(e)(1) (2011).

However, at the time of the hearing and the ALJ's decision, this regulation was no longer in effect. In fact, subsection (e)(1) was deleted from 20 C.F.R. § 404.1512 in March of 2012, eliminating the language requiring an ALJ to recontact a physician or other medical source. *See* How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10651-01, 2011 WL 7404303 (Feb. 23, 2012) (to be codified at 20 C.F.R. § 404.1520b). Under the revised regulations,[3] an ALJ *may* recontact a medical source if there is insufficient record evidence to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520b(c)(1); *Jones v. Colvin*, 2015 WL 631670, at *7 (N.D. Tex. Feb. 13, 2015).

Regardless of which version was in effect, the duty to recontact a medical source only arises when the evidence received from that source is inadequate and the record is otherwise devoid of sufficient evidence of disability from medical and other sources. Neither circumstance is present here.

---

[3] The revised regulations provide:

>(c) If the evidence is consistent but we have insufficient evidence to determine whether you are disabled, or if after weighing the evidence we determine we cannot reach a conclusion about whether you are disabled, we will determine the best way to resolve the inconsistency or insufficiency. The action(s) we take will depend on the nature of the inconsistency or insufficiency. We will try to resolve the inconsistency or insufficiency by taking any one or more of the actions listed in paragraphs (c)(1) through (c)(4) of this section. We might not take all of the actions listed below. We will consider any additional evidence we receive together with the evidence we already have.
>(1) We may recontact your treating physician, psychologist, or other medical source. We may choose not to seek additional evidence or clarification from a medical source if we know from experience that the source either cannot or will not provide the necessary evidence. If we obtain medical evidence over the telephone, we will send the telephone report to the source for review, signature, and return . . . .

20 C.F.R. § 404.1520b(c)(1).

First, Plaintiff does not contend and the record does not suggest that Dr. Van Hook's opinion was inadequate, inconsistent, or otherwise in need of clarification. To the contrary, Plaintiff actually argues that Dr. Van Hook's opinion was "based on objective findings set forth in detail." (R. Doc. 12 at 19). Second, the ALJ had no duty to recontact Dr. Van Hook because, as previously discussed, the record contained sufficient medical and other evidence supporting the ALJ's decision that Plaintiff was not disabled. Therefore, the Court rejects Plaintiff's contention that the ALJ erred in not recontacting Dr. Van Hook before issuing his decision.

As a final matter, even if the Court were to assume that the ALJ erred in not recontacting Dr. Van Hook, Plaintiff has failed to demonstrate any resulting prejudice. She offers no suggestion as to what points of Dr. Van Hook's opinion needed clarifying, what additional information or records could have been provided, or how any additional information would have affected the ALJ's decision. Instead, Plaintiff simply argues that "Nothing prevented the [ALJ] from re-contacting Dr. Van Hook to question Dr. Van Hook further with respect to his findings . . . ." (R. Doc. 12 at 19). And so, Plaintiff failed to demonstrate that the ALJ had any duty to recontact Dr. Van Hook, and even if there was such a duty, Plaintiff failed to establish any resulting prejudice.

V.   **CONCLUSION**

For the reasons discussed above, the Court **ORDERS** that the Commissioner's decision be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on February 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**